UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA BROWN,

                         Plaintiff,

-against-

ZETA CHARTER SCHOOL,

                         Defendant.

23-cv-05593 (DEH)(SN)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

SOKOLOFF STERN LLP
*Attorneys for Defendant*
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
File No. 230346

*Of Counsel:*
      Leo Dorfman

**PRELIMINARY STATEMENT**

Defendant Zeta Charter Schools – New York City ("Zeta")[1] submits this memorandum of law in support of its motion to dismiss *pro se* Plaintiff Cynthia Brown's Complaint (Compl., ECF No. 1) in its entirety under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1).

Brown's barebones Complaint fails to allege enough facts to state a claim. Brown alleges that Zeta violated her child's ("A") right "to go to school with them." But there is no such right. Brown appears to allege that Zeta discriminated against her child because she learned slower than other students, but that is not enough to plausibly state a claim under the Individuals with Disabilities Education Act ("IDEA"), Title II of the Americans with Disabilities Act ("ADA"), or Section 504 of the Rehabilitation Act of 1973 ("Section 504"), the only claims arguably implicated by the Complaint. Lastly, Brown fails to allege compliance with New York's notice of claim requirement, a defect that forecloses any potential state law discrimination claims.

For these reasons, Defendant asks the Court to dismiss the Complaint in its entirety.

**STATEMENT OF FACTS**

The Complaint tells a story so barebones that it does not demonstrate a plausible right to relief. Brown alleges that her child ("A") attended a Zeta school from September 2022 to October 2022. Compl. at 5. At some point between September and October, unnamed individuals allegedly associated with Zeta "started picking on" A because she was moving slower than other students. *Id.* Brown claims she told these unnamed people that A has a "mental deylay." *Id.* These people allegedly told Brown that A "was not smart enough to be with them." *Id.* The next month, Brown alleges A "was put out of school" due to "her being mental deylay." *Id.* This allegedly left A

---

[1] Defendant is sued herein as "Zeta Charter School," which is not the correct corporate entity. Judge Netburn ruled that this issue would be addressed at the initial conference. See ECF No. 17.

2

depressed and confused. *Id.* at 6. On these minimal assertions, Brown asks that Zeta pay her and A $150,000 for A's alleged emotional pain and suffering[2]. *Id.* Brown does not request any other damages or injunctive relief.

Most glaring, perhaps, is what the Complaint is missing. There are no allegations that A has a legally cognizable disability or that reveal the nature and severity of her alleged disability. The Complaint is silent on whether Brown requested disability services for A, such as an Individualized Education Plan ("IEP"). We do not know from the Complaint whether A was entitled to disability services and whether Zeta failed to provide them. Brown does not allege anything about the process, or lack thereof, by which A could no longer attend a Zeta school. And Brown does not contend she raised her concerns to Zeta in a notice of claim.

### STANDARD OF REVIEW

A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Workneh v. Super Shuttle Int'l, Inc.*, No. 15 CIV. 3521 (ER), 2017 WL 1185221, at *2 (S.D.N.Y. Mar. 28, 2017) (internal quotation marks omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even though the Court generally must accept all factual allegations as true, "[t]he court is not required to credit 'mere conclusory statements' or 'threadbare recitals of the elements of a cause of action.'" *Workneh*, 2017 WL 1185221 at *2 (quoting *Iqbal*, 556 U.S. at 678). If the plaintiff's allegations

---

[2] Brown includes a word several times in her Complaint that Defendant cannot decipher. It looks like "demacton," "decamtron," and "decamation."

do not raise a right to relief above a speculative level, then the complaint must be dismissed. *Twombly*, 550 U.S. at 555.

"[W]hen considering pro se submissions, the Court should interpret them 'to raise the strongest arguments that they suggest.'" *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 450 (S.D.N.Y. 2012) (quoting *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006)). Nevertheless, a *pro se* plaintiff must clear the same plausibility threshold as any other plaintiff. *See Workneh*, 2017 WL 1185221 at *3. "A *pro se* plaintiff's pleadings still must contain 'more than an unadorned, the defendant-unlawfully-harmed me accusation.'" *Id.* (quoting *Iqbal*, 566 U.S. at 678). "[N]aked assertion[s] devoid of further enhancement will not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 557) (second alteration in original) (internal quotations marks omitted).

**ARGUMENT**

Although the Complaint does not identify specific causes of action, it can reasonably be read to assert a claim of disability discrimination, perhaps under the IDEA, Title II of the ADA, Section 504, and New York State and New York City Human Rights Law. For the following reasons, each of these claims should be dismissed.

**I.    Plaintiff Fails to Allege Sufficient Facts to State a Plausible Discrimination Claim**

Contrary to the allegation in the Complaint, there is no right to attend a charter school. *Cf. Rogowski by Rogowski v. New Hartford Cent. Sch. Dist.*, 730 F. Supp. 1202, 1205–06 (N.D.N.Y. 1990), *aff'd sub nom. Rogowski v. New Hart Cent.*, 914 F.2d 240 (2d Cir. 1990) (noting in a case about the public-school residency requirement that "New York has not created an unfettered right to attend any public school in the State [. . .]").

To state a claim under the IDEA, a plaintiff must show that a child with a disability was denied a free appropriate public education ("FAPE") under the statute. *See Fry v. Napoleon*

*Community Schools*, 580 U.S. 154, 166 (2017). Under the IDEA, a "child with a disability" is a child:

> (i) with intellectual disabilities, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance (referred to in this chapter as "emotional disturbance"), orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and
> (ii) who, by reason thereof, needs special education and related services.

20 U.S.C. § 1401(3)(A). If the child is aged three through nine, then at the discretion of the state and local education agency, a child experiencing developmental delays in one or more specific areas and who needs special education and related services may be included in the definition. 20 U.S.C. § 1401(3)(B). The IDEA details specific procedures that schools must follow to identify and provide services for children with disabilities. 20 U.S.C. §§ 1414, 1415; *see also V.M. v. N. Colonie Cent. Sch. Dist.*, 954 F. Supp. 2d 102, 108–09 (N.D.N.Y. 2013) ("A school district has met its obligation to provide a FAPE when (a) the district complies with the procedural requirements of the IDEA, and (b) the IEP developed by the district is reasonably calculated to enable the student to receive educational benefits.")

To state a claim under the ADA and Section 504, a plaintiff must show that "(1) plaintiff is a qualified individual with a disability; (2) plaintiff was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (3) such exclusion or discrimination was due to plaintiff's disability." *Piotrowski v. Rocky Point Union Free Sch. Dist.*, No. 18CV6262RPKSIL, 2023 WL 2710341, at *6–8 (E.D.N.Y. Mar. 30, 2023) (quoting *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016)). Under both statutes, an individual has a disability if she (i) has a physical or mental impairment which substantially limits one or more major life activities, (ii) has a record of such an impairment, or

(iii) is regarded as having such an impairment. *See* 42 U.S.C. § 12102(1); 29 U.S.C. § 705(20). Section 504 further requires a plaintiff to show that the public entity receives federal funds. *See* 29 U.S.C. § 794.

"Because the ADA and Section 504 'address discrimination against disabled students, rather than incorrect or erroneous special education treatments, as in the case of IDEA,' there must be 'something more than a mere violation of the IDEA ... in order to show a violation of [either statute] in the context of educating children with disabilities.'" *J.L. on behalf of J.P. v. New York City Dep't of Educ.*, 324 F. Supp. 3d 455, 468 (S.D.N.Y. 2018) (alteration in original) (quoting *Scaggs v. N.Y. Dep't of Educ.*, No. 06–CV–0799 (JFB)(VVP), 2007 WL 1456221, at *15 (E.D.N.Y. May 16, 2007)). Therefore, "[t]o plead a claim under either statute, Plaintiffs must show that Defendants acted in bad faith or with gross misjudgment when administering disability services." *Id.* at 467.

Brown does not allege sufficient facts to state a plausible IDEA claim. Brown does not allege that A had a disability entitling her to receive special education or related services under the IDEA. In fact, the only thing Brown says about A's alleged disability is that she is slower than other students. Brown does not elaborate on A's condition. The statute, in contrast, details specific disabilities that qualify for services. Brown's minimal pleading of mental delay" does not fall into any statutory category. Furthermore, Brown does not allege that she ever requested services for A, that A was ever evaluated for services or given an IEP, or that Zeta failed to provide a required service or comply with a required process under the statute.

Brown also fails to allege sufficient facts to state a plausible discrimination claim under either the ADA or Section 504. First, the Complaint does not allege that A has a disability under the statutes. Brown alleges that A is slower than other students and has a mental delay, which she

6

fails to explain. Compl. at 5. This is not enough to show that A has an impairment that substantially limits a major life activity. Neither does the Complaint imply Zeta had a record of A's alleged disability or regarded A as having a disability. The Complaint only says Brown told Zeta staff about A's mental delay and that staff said A was "not smart enough." None of these facts show that A is disabled under the statutes.

Second, Brown does not plausibly allege that Zeta acted because of A's alleged disability. When Brown claims some people were "picking on" [3] A, she attributes this to A moving slower than other students. Compl. at 5. Not because of A's alleged disability. And when Brown claims the school put A out because of her mental delay, she includes no facts that plausibly support that conclusion. *Id.* The alleged comment that A is "not smart enough to be with them" is not attributed to anyone and does not suggest Zeta acted based on A's alleged disability. *Id.* At best, Brown's allegations of intentional discrimination are conclusory.

There also are not enough facts to plausibly suggest Zeta acted in bad faith or with gross misjudgment when administering disability services. As discussed above, Brown does not allege an entitlement to or a request for services.

Finally, as to Section 504, Brown does not allege that Zeta receives federal funds.

For these reasons, the Complaint fails to state a claim on which relief may be granted. The Court should dismiss the Complaint in its entirety.

## II. Plaintiff Fails to State a Claim for the Only Relief She Seeks, Emotional Distress Damages, Because These Are Not Available Under the IDEA, ADA, or Section 504

Brown cannot recover for emotional distress, so her emotional distress damages claim must be dismissed. And because damages for alleged emotional distress are the only relief she seeks,

---

[3] Brown fails to identify who was "picking on" A or what they were doing. The Complaint does not clearly attribute any action to Zeta.

dismissal of this claim requires dismissal of the entire Complaint. None of the federal causes of action potentially raised in the Complaint (i.e., the ADA, Section 504, and IDEA) provide for emotional distress damages. *Doherty v. Bice*, No. 18-CV-10898 (NSR), 2023 WL 5103900, at *6 (S.D.N.Y. Aug. 9, 2023) (finding that Title II of the ADA does not provide for emotional distress damages); *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 230 (2022) (holding that Spending Clause legislation like Section 504 does not provide for emotional distress damages); *cf. J.S. v. New York State Dep't of Corr. & Cmty. Supervision*, 76 F.4th 32, 47 (2d Cir. 2023) (noting that the IDEA is Spending Clause legislation). Brown exclusively asserts emotional distress damages, describing A's injury as depression, pain, suffering, and discomfort. Because Brown cannot recover for emotional injury, her emotional distress damages claim—and, thus, the entire Complaint—should be dismissed.

### III. Plaintiff's Failure to Serve a Notice of Claim Deprives the Court of Subject Matter Jurisdiction Over any State Law Claim

To the extent that the Complaint raises pendent New York State or New York City discrimination claims, those claims must be dismissed for failure to comply with the notice of claim requirement. Under New York Education Law § 3813, before a plaintiff can file a lawsuit against a public school, she must present a notice of claim to the school within ninety days of the alleged discriminatory conduct. N.Y. Educ. Law § 3813(1). Charter schools are public schools for the purpose of New York's notice of claim requirement. *Rodriguez v. Int'l Leadership Charter Sch.*, No. 08 CIV. 1012 (PAC), 2009 WL 860622, at *6 (S.D.N.Y. Mar. 30, 2009); New York Educ. L. § 2853(1)(c). "Failure to comply with this requirement is a fatal defect." *Lawton v. Success Acad. Charter Sch., Inc.*, 323 F. Supp. 3d 353, 368 (E.D.N.Y. 2018)) (internal quotation marks omitted) (quoting *Scaggs v. N.Y. State Dep't of Educ.*, 2007 WL 1456221, at *19 (E.D.N.Y. May 16, 2007). When a complaint does not allege compliance with the notice of claim requirement,

it must be dismissed. *See id.* (granting defendants' motion to dismiss state law claims where plaintiffs filed their notice of claim after the ninety-day window expired).

In this case, the Complaint never mentions a notice of claim or gives any indication that Brown complied with § 3813. Without compliance with the notice of claim requirement, Brown cannot maintain any state law discrimination claims. Therefore, the Court should dismiss the Complaint to the extent it alleges pendent state law claims.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Complaint be dismissed in its entirety, together with such other and further relief as the Court deems just, equitable, and proper.

Dated: Carle Place, New York
      January 10, 2024

SOKOLOFF STERN LLP
*Attorneys for Defendant Zeta Charter Schools – New York City*

/s/ Leo Dorfman

LEO DORFMAN
MARISSA EMBOLA
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
File No. 230346