UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA BROWN,

                              Plaintiff,

-against-

ZETA CHARTER SCHOOL,

                              Defendant.

23-cv-05593 (DEH)(SN)

# MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

SOKOLOFF STERN LLP
*Attorneys for Defendant*
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
File No. 230346

*Of Counsel:*
    Leo Dorfman

PRELIMINARY STATEMENT

The allegations of Plaintiff Brown's Complaint fail to plausibly demonstrate her right to relief, and the new ones raised in Brown's opposition—even if the Court could consider them—would add nothing to the equation. Instead, Brown's opposition only confirms that, whatever her disagreement with Zeta, it raises no federal claim and has no place in federal court.

To be sure, Brown takes issue with Zeta, but nothing in the opposition further supports a federal discrimination claim. The Court learns nothing more about the circumstances under which Brown's daughter, A, stopped attending a Zeta school. The allegations identify no Zeta staff or administrators, nor any specific conduct by Zeta administrators. The Court learns nothing about A's entitlement to or Brown's requests for IEP services when A was attending a Zeta school. And it learns nothing more about A that would allow the Court to infer that A has a disability, much less that Zeta acted against A on account of that disability. The allegations, no matter how liberally construed, do not establish the elements of Brown's claim.

Even if Brown's allegations established a right to relief, which they do not, her alleged damages are not compensable. Defendant Zeta[1] asks the Court to dismiss the Complaint.

ARGUMENT

I.  **Despite Plaintiff's New Allegations, the Complaint Still Fails to State a Plausible Claim for Relief**

Brown has not alleged sufficient facts to demonstrate a claim under the IDEA, ADA, or Section 504 above the speculative level. "[A] *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard." *Scillia v. Am. Educ. Servs.*, No.

---

[1] Defendant is sued herein as "Zeta Charter School," which is not the correct corporate entity. If the Court denies Defendant's motion to dismiss, or allows Brown to amend her complaint, we ask that the case caption be changed to reflect Defendant's proper legal name: Zeta Charter Schools – New York City.

1

3:22-CV-1257 (JAM), 2023 WL 4826501, at *3 (D. Conn. July 27, 2023) (citing *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*)). "[W]hile the Court construes *pro se* pleadings liberally, this does not relieve *pro se* plaintiffs of the requirement that they plead enough facts to 'nudg[e] their claims across the line from conceivable to plausible.'" *Guzman v. Bldg. Serv. 32BJ Pension Fund*, No. 22-CV-01916 (LJL), 2023 WL 2526093, at *5 (S.D.N.Y. Mar. 15, 2023). The Court may only consider new claims or allegations raised for the first time in a *pro se* plaintiff's opposition if "the claims could have been asserted based on the facts alleged in the complaint." *Id.*, 2023 WL 2526093, at *8; *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018).

First, Brown still does not plausibly allege that Zeta denied services to which A was entitled. Brown's newly raised allegations say nothing about whether A was entitled to disability services under an individual education program ("IEP") or otherwise when A attended a Zeta school, whether Brown sought such services or pursued an evaluation for A when she attended a Zeta school, or whether Zeta failed to provide a specific service. Brown does not allege A's age or grade level, which further prevents the Court from inferring what services, if any, A was entitled to receive. Additionally, Brown does not allege that she took any action to dispute Zeta's alleged decision to withdraw A from school other than filing this lawsuit.

Second, Brown's allegations are so devoid of detail that they fail to establish that A had a disability. Even in opposition to dismissal, Brown offers nothing more than a reference to a "mental delay." That is not enough information for the Court to reasonably infer that A is disabled under the relevant statutes.

Moreover, from Brown's Complaint and opposition, it is impossible to reasonably infer any intentional discrimination by Defendant Zeta. "To prove 'intentional discrimination' under the

2

ADA, a plaintiff must allege facts showing that a policymaker acted with ill will or personal animosity toward him because of his disability or that the policymaker acted with 'deliberate indifference' to his rights under the ADA." *Frank v. Sachem Sch. Dist.*, 84 F. Supp. 3d 172, 187 (E.D.N.Y. 2015) (quoting *Gershanow v. Cnty. of Rockland,* No. 11–CV–8174 (CS), 2014 WL 1099821, at *4 (S.D.N.Y. Mar. 20, 2014)), *aff'd*, 633 F. App'x 14 (2d Cir. 2016). Under Section 504, a plaintiff need only show deliberate indifference, which requires the defendant to have authority to address the alleged discrimination and know of and fail to adequately respond to the strong likelihood that violation of the student's federally protected rights would occur. *See Loeffler v. Staten Island University Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009); *Biondo v. Kaledia Health*, 935 F.3d 68, 73 (2d Cir. 2019). When an ADA or Section 504 discrimination claim involves an IDEA violation (such as a failure to provide a free and appropriate public education), the plaintiff must show that the defendant acted in bad faith or with gross misjudgment. *J.L. on behalf of J.P. v. New York City Dep't of Educ.*, 324 F. Supp. 3d 455, 467-68 (S.D.N.Y. 2018).

    Here, Brown fails to plausibly allege any discriminatory action or intent on Zeta's part. Brown does not allege who at Zeta she communicated with, whether those individuals have the authority or influence to terminate A's enrollment, who at Zeta was allegedly "picking on" A, and what those people were doing. She does not allege the circumstances or process that took place resulting in A not attending a Zeta school. Brown only states "they put her out." Compl. at 7. The Court does not know who did what, when. And the allegations are so barebones that the Court cannot reasonably infer that Zeta took any action because of A's disability.

    Finally, the new allegations—raised for the first time in opposition to dismissal—about another parent and Brown's interactions with Zeta staff have nothing to do with discrimination or any other federal claim. And insofar as Brown might be seeking early discovery, there is no basis

3

for such a premature request. *See K.A. v. City of New York*, No. 1:16-cv-04936-LTS-KNF, 2021 WL 5889254, at *2 (S.D.N.Y. Dec. 13, 2021) (collecting cases denying requests for early discovery).

## II.    Plaintiff's Opposition Confirms That She Does Not Seek Compensable Damages

Because Brown limits her damages claim to emotional injury—damages for which she cannot recover here—her Complaint should be dismissed. Where a plaintiff only requests emotional distress damages, the Court can dismiss the plaintiff's ADA and Section 504 claims for lack of compensable damages. *See* Def. Memo. at 8 (ECF No. 19). In *Doherty v. Bice*, the court dismissed plaintiff's ADA claim in its entirety at the motion-to-dismiss stage because plaintiff only requested emotional distress damages. *Doherty v. Bice*, No. 18-CV-10898 (NSR), 2023 WL 5103900, at *6 (S.D.N.Y. Aug. 9, 2023) ("[S]ince emotional distress damages are not recoverable under Title II of the ADA, and Plaintiff only requests emotional distress damages, the Court dismisses his claim for monetary relief pursuant to Title II of the ADA with prejudice.").

Here, the Complaint is clear—Brown only seeks monetary damages for A's emotional pain and suffering. In opposing dismissal, Brown only confirms this infirmity in her Complaint. She claims A is suffering from emotional distress and "detachment issues" because of Zeta's alleged action and that A is in therapy for this. *See* ECF No. 22 at 2-3. Brown now expands somewhat on the manifestations of A's claimed emotional distress, alleging A suffered additional speech and mental delays. Insofar as A's later speech and mental delays are not emotional distress damages, they are unforeseeable consequential damages, which are not compensable.[2] *Cf. Thomas v. iStar Fin., Inc.*, 629 F.3d 276, 281 (2d Cir. 2010) (finding in a hostile work environment case that

---

[2] To the extent Brown's allegations can be read to assert a damages claim for the delay in enrolling A at a new school, the allegations fail to plausibly show the length of the delay, that Zeta caused the delay, or that a delay of that length was reasonably foreseeable.

evidence plaintiff presented of certain consequential damages "was an insufficient basis for a reasonable jury to find that [the] damages . . . were reasonably foreseeable to the defendants.").

While the Second Circuit has not specifically addressed whether nominal damages would be available in an emotional-distress-only ADA/Section 504 case, the consensus among the small number of district courts that have addressed the topic is that plaintiff must explicitly request either nominal or compensatory damages to pursue nominal damages at trial. *See Matagrano v. New York State Dep't of Correction and Community Supervision*, No. 19-CV-763 (BKS/DJS), 2023 WL 5932943, at *7-8 (N.D.N.Y. Sept. 12, 2023) (collecting cases); *Fantasia v. Montefiore New Rochelle*, No. 19-CV-11054 (VB), 2022 WL 20540940, at *5 (S.D.N.Y. Jun. 16, 2022). Here, Brown did not explicitly request nominal or compensatory damages. She only requested emotional distress damages. In any event, Defendant maintains that Brown has not sufficiently alleged entitlement to relief, which necessarily removes any entitlement to nominal damages. For these reasons, the Court should dismiss the Complaint in its entirety.

### III. Plaintiff Ignores the Notice of Claim Requirement for State Law Claims

Brown's opposition fails to respond to Defendant's argument on the notice of claim issue. For that reason, Defendant requests the Court treat Brown's potential state law claims as abandoned and dismiss them. *Pincover v. J.P. Morgan Chase Bank, N.A.*, 592 F. Supp. 3d 212, 227 (S.D.N.Y. 2022) ("A court 'may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.'"). In any event, the state law claims would fail on the merits. Failure to comply with the notice of claim requirement is fatal and warrants dismissal of any New York State and New York City human rights law claims. *Lawton v. Success Acad. Charter Sch., Inc.*, 323 F. Supp. 3d 353, 368 (E.D.N.Y. 2018).

## CONCLUSION

For the foregoing reasons, Defendant requests that the Complaint be dismissed in its entirety, together with such other and further relief as the Court deems just, equitable, and proper.

Dated: Carle Place, New York
      February 26, 2024

SOKOLOFF STERN LLP
*Attorneys for Defendant Zeta Charter Schools – New York City*

_____
LEO DORFMAN
MARISSA EMBOLA
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
File No. 230346