UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA BROWN,<br><br>                Plaintiff,<br><br>            v.<br><br>ZETA CHARTER SCHOOL,<br><br>                Defendant. | 23 Civ. 5593 (DEH)<br><br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

On June 29, 2023, Plaintiff filed this action, proceeding *pro se*.[1] In substance, Plaintiff alleges that Defendant, the operator of several charter schools,[2] treated her daughter poorly and removed her from the school she was attending due to her mental disability.[3] Plaintiff also alleges that Defendant allowed a third party to pick up her daughter from school and that Defendant defamed her daughter by referring to her mental disability.[4] Defendant moves to dismiss.[5] For the reasons given below, Defendant's motion is **GRANTED**, though Plaintiff may seek leave to amend. Plaintiff is directed to the final section of this Opinion and Order for information on how to do so.

---

[1] *See* Compl., ECF No. 1.

[2] Plaintiff sued "Zeta Charter School" and Defendant states that the correct corporate entity is "Zeta Charter Schools – New York City." *See* Mem. of L. in Supp. of Def.'s Mot. to Dismiss 2 n.1, ECF No. 19. From the zip code given by Plaintiff when filing this action, the Court understands that Plaintiff's daughter attended Zeta Bronx Mount Eden Early Childhood School, a charter school operated by Defendant in Bronx County, NY.

[3] *See* Compl. 5.

[4] *See* Opp'n 3, ECF No. 23.

[5] *See* ECF No. 18.

I.      **BACKGROUND**

The following facts are taken from the Complaint and presumed to be true solely for purposes of adjudicating Defendant's motion to dismiss.[6] Because Plaintiff proceeds *pro se*, her submissions are construed liberally to raise the strongest arguments that they suggest.[7] The Court also incorporates factual allegations made in Plaintiff's submission in opposition to the motion.[8]

Plaintiff's daughter attended a Zeta Charter School ("Zeta") from September to October 2022.[9] Plaintiff's daughter has special needs, including a mental disability and speech delay.[10] She has received an Individualized Education Plan (an "IEP") under the Individuals with Disabilities Education Act (the "IDEA").[11] Plaintiff informed Zeta that her child has an intellectual disability.[12]

---

[6] *See Cornelio v. Connecticut*, 32 F.4th 160, 168 (2d Cir. 2022). In all quotations from cases, citations, footnotes, brackets, ellipses, and emphases are omitted unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

[7] *See Saeli v. Chautauqua County*, 36 F.4th 445, 457 (2d Cir. 2022).

[8] *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

[9] Compl. 5.

[10] *Id.* at 6; Opp'n 3.

[11] Opp'n 3; *see also N.J. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6173, 2021 WL 965323, at *1 (S.D.N.Y. Mar. 15, 2021) (noting that under the IDEA "school districts are required to create an individualized education program ('IEP') for each . . . child with disabilities" and defining an IEP as "a written statement that sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives").

[12] Compl. 5.

Plaintiff states that school staff told her it was within their rights to deny her daughter an education at Zeta because she was not smart enough.[13] Additionally, Zeta's staff started picking on Plaintiff's child when they realized she was moving more slowly than others.[14] Plaintiff states that Zeta's references to her daughter's disabilities were defamatory.[15]

Because Defendant refused to allow Plaintiff's daughter to attend their school, she has a speech delay, detachment issues, and a severe fear of abandonment.[16] Plaintiff's daughter is also suffering from depression and emotional distress, for which she is receiving therapy, and does not understand why Zeta will not permit her to come back.[17] Finally, Plaintiff also states that Zeta staff did not take any action when a parent of another student at the school endangered her child by physically removing her from the school premises.[18]

As a result of these events, Plaintiff seeks $150,000 in monetary damages to compensate her daughter for the alleged discrimination and pain and suffering she experienced, explaining that she already has special needs and "deserves more,"[19] which the Court construes as a request for injunctive relief.

---

[13] Compl. 5; Opp'n 3.

[14] Compl. 5.

[15] *Id.*

[16] Opp'n 2-3; Compl. 6.

[17] Compl. 6.

[18] *See* Opp'n 3.

[19] Compl. 6.

## II. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20] "In assessing the complaint, [a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the [plaintiff's] favor."[21] However, a court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'"[22] When reviewing *pro se* pleadings, a Court must interpret them to raise the "strongest arguments that they suggest."[23]

## III. DISCUSSION

Defendant's motion to dismiss is **GRANTED** for the reasons given below.

Plaintiff proceeds *pro se*. A *pro se* litigant's filings must be construed liberally to raise the strongest possible arguments they suggest, but they nonetheless must raise a plausible claim for relief.[24] Pleadings prepared by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers."[25] A *pro se* party is not required to identify specific laws that she seeks relief under or claims that she alleges, only facts in support of such claims.[26] The

---

[20] *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[21] *Id.* at 106-07.

[22] *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[23] *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[24] *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

[25] *Janczuk v. Fed. Commc'ns Comm'n*, No. 24 Civ 2445, 2024 WL 3228521, at * 1 (S.D.N.Y. June 26, 2024).

[26] *See Dingle v. Zon*, 189 F. App'x 8, 10 (2d Cir. 2006) ("Because the complaint could support a claim under RLUIPA—despite that the face of the complaint alleges only specific, constitutional violations—the district court has an obligation to consider the claim. . . . Factual allegations alone are what matters [when reviewing *pro se* filings].").

Court construes the Complaint and Plaintiff's opposition as raising claims under the IDEA, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973. The Court also construes Plaintiff's allegations regarding a stranger attempting to remove her daughter from school as suggesting a claim of negligent supervision.[27]

**A.      Plaintiff's Standing for Her Tort Claims (Defamation and Negligent Supervision)**

Plaintiff may only bring some of these claims—the claims under the IDEA and the ADA and Rehabilitation Act—on behalf of her daughter. She may not bring her defamation and negligent supervision claims in the same manner, due to her *pro se* status.

Generally, a non-lawyer parent cannot represent their child's interests *pro se*.[28] "[A] district court has a duty to raise this issue *sua sponte*."[29] Under this principle, Plaintiff, as a *pro se* parent, cannot assert claims for defamation or negligent supervision on behalf of her child.[30] Those claims are therefore dismissed.

In contrast, "a parent has an independent enforceable right under the IDEA and may pursue a claim on her own behalf[,] . . . [and she] may appear *pro se* [as to her IDEA] claims on

---

[27] *See Mirand v. City of New York*, 637 N.E.2d 263, 266 (N.Y. 1994) (stating that, under New York law, schools must "adequately supervise the students in their charge and . . . will be held liable for foreseeable injuries proximately related to the absence of adequate supervision").

[28] *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child."); *accord Peterson on behalf of X.P. v. Lang Sch.*, No. 21 Civ. 8683, 2022 WL 540934, at *1 (S.D.N.Y. Feb. 23, 2022) (same).

[29] *Robinson v. N.Y. State Off. of Child. & Fam. Servs.*, No. 23 Civ. 4477, 2023 WL 4423559, at *2 (S.D.N.Y. July 10, 2023).

[30] *See also Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 340 (E.D.N.Y. 2012) (reasoning, for purposes of a statute of limitations, that a negligent supervision claim is brought by parents on the child's behalf).

her own behalf as well as [on] her" child's behalf.[31]  "[C]ourts in this Circuit have found that parents have standing to bring ADA and Rehabilitation Act claims on their own behalves when their disabled child was the one directly injured, because a parent of a child with a disability has a particular and personal interest in preventing discrimination against the child."[32]  Plaintiff therefore has standing to proceed *pro se* with respect to any claims under the IDEA, the ADA, and the Rehabilitation Act.

**B.     The IDEA**

To the extent Plaintiff brings a claim under the IDEA, it is dismissed for lack of subject matter jurisdiction due to failure to exhaust administrative remedies.

The IDEA "seeks to ensure children with disabilities receive a free and appropriate public education."[33]  It does not provide for compensatory damages as a remedy for violations.[34]  Rather, under that statute, courts "may award retrospective and/or prospective equitable relief, including reimbursement of paid expenses or compensatory education."[35]  To attain the goals of the IDEA, "the law sets forth a number of administrative procedures for children, their parents, teachers, and school districts to follow when disputes arise."[36]

To bring a claim under the IDEA, a plaintiff must exhaust their administrative remedies before making a claim for relief in federal court.  The IDEA states that "before the filing of a

---

[31] *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 653 n.2 (2d Cir. 2020); *see also Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) ("Parents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims on their own behalf.").

[32] *Guity v. Riverhead Cent. Sch. Dist.*, No. 17 Civ. 7008, 2019 WL 13294668, at *5 n.6 (E.D.N.Y. Dec. 4, 2019).

[33] *Luna Perez v. Sturgis Public Schs.*, 598 U.S. 142, 144 (2023).

[34] *Id.* at 147-48; *Doe*, 962 F.3d at 659.

[35] *Doe*, 962 F.3d at 659.

[36] *Luna Perez*, 598 U.S. at 144.

civil action under such [other federal] laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted."[37] "[S]ubsections (f) and (g) provide affected children and their parents with the right to a 'due process hearing' before a local or state administrative official, . . . followed by an 'appeal' to the state education agency."[38] "[U]nless an exception applies, the exhaustion of administrative remedies under the IDEA is a jurisdictional prerequisite of the statute and that a plaintiff's failure to exhaust . . . deprives a court of subject matter jurisdiction over any IDEA claims."[39]

Here, Plaintiff does not include allegations about any administrative process before an impartial hearing officer or state review officer.[40] Accordingly, the Court cannot conclude that Plaintiff has exhausted her administrative remedies. The Court therefore lacks subject matter jurisdiction over any claim under the IDEA.

These requirements apply "only to the extent [a plaintiff] pursues a suit under another federal law for remedies IDEA also provides."[41] In other words, this does not foreclose a claim seeking only compensatory damages.[42] "[B]ecause money damages are not available under the

---

[37] 20 U.S.C. §1415.

[38] *Luna Perez*, 598 U.S. at 146.

[39] *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 530 (2d Cir. 2020).

[40] "[T]he [IDEA] establishes various procedural safeguards that guarantee" parents of disabled students "both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decisions they think inappropriate." *Honig v. Doe*, 484 U.S. 305, 311-12 (1988). New York State's administrative review process provides for a two-step system when a parent requests that a student's IEP be reviewed, including: "(1) a review of the matter by an impartial hearing officer; . . . and (2) a possible appeal to a state review officer, who may modify any determination made by the impartial hearing officer." *Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.,* 820 F. Supp. 2d 490, 501 (S.D.N.Y.2011).

[41] *Luna Perez*, 598 U.S. at 146-47.

[42] *See id.*

7

IDEA, claims for money damages alone are not subject to IDEA exhaustion."[43] Plaintiff can pursue her claims for damages under Title II of the ADA and the Rehabilitation Act independent of the IDEA's exhaustion requirements.

C.   **The ADA and Rehabilitation Act**

To the extent Plaintiff brings claims under the ADA and the Rehabilitation Act, these claims are also dismissed, because the type of damages that Plaintiff seeks are not available under these statutes.

Plaintiff seems to seek money damages only based on her and her daughter's pain and suffering.[44] Under the Rehabilitation Act, following the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, damages for emotional harms are not recoverable.[45] In *Cummings*, the Supreme Court held that federal laws passed under the Spending Clause, such as the Rehabilitation Act, do not allow for emotional distress damages.[46] District courts have subsequently held that the ADA similarly does not allow for emotional distress damages.[47]

---

[43] *Piotrowski v. Rocky Point Union Free Sch. Dist.*, No. 18 Civ. 6262, 2023 WL 2710341, at *8 (E.D.N.Y. Mar. 30, 2023) (citing *Luna Perez*, 598 U.S. at 147-48).

[44] *See* Compl. 5.

[45] 596 U.S. 212 (2022).

[46] *Id.* at 230 ("[W]e hold that emotional distress damages are not recoverable under the Spending Clause antidiscrimination statutes we consider here [including the Rehabilitation Act].").

[47] *See, e.g.*, *A.S. v. Mamaroneck Union Free Sch. Dist.*, No. 21 Civ. 6937, 2024 WL 308211, at *6 n.6 (S.D.N.Y. Jan. 26, 2024) ("[C]ourts in this Circuit have held, after *Cummings*, that emotional distress damages are not available under the ADA or the Rehabilitation Act."); *Doherty v. Bice*, No. 18 Civ. 10898, 2023 WL 5103900, at *6 (S.D.N.Y. Aug. 9, 2023) ("[S]ince emotional distress damages are not recoverable under Title II of the ADA, and Plaintiff only requests emotional distress damages, the Court dismisses his claim for monetary relief pursuant to Title II of the ADA with prejudice.") (collecting cases).

That said, compensatory damages remain recoverable under these laws.[48]  Compensable harms include out of pocket expenses, such as medical expenses or therapy costs.  To the extent that Plaintiff seeks damages to recover these costs, she may have a claim under the ADA and Rehabilitation Act.  However, because the Complaint only seeks damages for emotional harm, it fails to state claim under the ADA or Rehabilitation Act.  Defendant's motion to dismiss any ADA and Rehabilitation Act claims is therefore granted.

*   *   *

It is hereby **ORDERED** that Defendant's motion to dismiss is **GRANTED.**  It is not clear from the Complaint and Opposition that amendment would be futile.  Accordingly, Plaintiff's claims are dismissed without prejudice.

Plaintiff may file a letter by **October 23, 2024**, regarding her claims.  Specifically, Plaintiff should describe whether she ever filed an appeal about her daughter being removed from Zeta and, in general, who she spoke to about her daughter's removal.  Plaintiff may also describe the damages she wants (for example, for medical bills or other expenses related to her daughter's care).  If no such letter is filed by **October 23, 2024**, then the case will be dismissed with prejudice.

The Clerk of Court is respectfully directed to close the motion at ECF No. 18.

SO ORDERED.

Dated: September 23, 2024
New York, New York

DALE E. HO
United States District Judge

---

[48] *See, e.g.*, *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 72-73 (1992).