

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516) 334-4500  FAX (516) 334-4501  WWW.SOKOLOFFSTERN.COM

LEO DORFMAN
LDORFMAN@SOKOLOFFSTERN.COM

November 5, 2024

**By ECF**
Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                Re:    *Brown v. Zeta Charter School*
                      Docket No. 23-CV-05593 (DEH)(SN)

Your Honor:

      We represent Defendant Zeta Charter Schools - New York City, sued herein as "Zeta Charter School." We write to request that the Court convert its dismissal of Ms. Brown's complaint without prejudice to a dismissal with prejudice.

      On September 23, 2024, the Court granted Zeta's motion to dismiss the complaint. ECF No. 27 (opinion and order dismissing the complaint without prejudice pending a letter from Plaintiff addressing administrative exhaustion and non-emotional distress damages). To reinstitute her action, the Court required Ms. Brown to file a letter by October 23, 2024, describing (1) whether she had filed an appeal about her daughter's removal from Zeta, (2) who she spoke to concerning the removal, and (3) her damages. *Id.* On that date, Ms. Brown filed a letter that failed to address these issues, or the legal deficiencies described in the Court's Opinion and Order. ECF No. 28 (Ms. Brown's letter response).

      First, Ms. Brown failed to allege that she exhausted her administrative remedies. As the Court stated in its opinion, a plaintiff must exhaust her administrative remedies before she may bring a civil action under the IDEA[1]. ECF No. 27 at 6-7. Failing to exhaust administrative remedies deprives the Court of subject matter jurisdiction to hear the IDEA claim. *Id.* at 7. Here, exhaustion involves a written request for and participation in a due process hearing before a local or state administrative official followed by an appeal to the state education agency. *Id.*; *see* 20 U.S.C. § 1415, 8 NYCRR §§ 200.5(i)-(k). Ms. Brown failed to allege that she took either step. Therefore, the Court lacks subject matter jurisdiction to review her IDEA claim, and it should be dismissed with prejudice.[2]

---

[1] Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.
[2] Further amendment to the complaint would be futile because Ms. Brown cannot exhaust her administrative remedies. Her time to seek a due process hearing or to appeal Zeta's alleged decision to the New York Commissioner of

SOKOLOFF STERN LLP

Honorable Dale E. Ho
November 5, 2024
Page 2 of 3

Second, Ms. Brown failed to state that she had compensable damages entitling her to relief. Under the ADA[3] and Rehabilitation Act[4], Ms. Brown cannot recover for emotional distress damages. ECF No. 27 at 8. So she must allege more than emotional pain to maintain her ADA or Rehabilitation Act claims.

*Pro se* plaintiffs must plead enough factual content to allow the Court to draw the reasonable inference that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. City of New York,* 669 F.Supp.2d 444, 448 (S.D.N.Y. 2009) (noting that the *Iqbal* standard applies to pleadings by *pro se* plaintiffs). It is not enough for facts to be "merely consistent with a defendant's liability." *Iqbal*, 556 U.S. at 678*.* (internal quotation marks omitted). The facts must raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

In her letter, Ms. Brown failed to plausibly allege more than emotional distress damages. She did not allege that she or her daughter suffered any pecuniary damages, like out-of-pocket costs, because of Zeta's alleged conduct. At best, Ms. Brown speculated that her daughter could use the money from this lawsuit for generic "medical bills," treatment to "help her get ahead," or to "get where she needs to be with therapy and all." ECF No. 28 at 3-4. It is unclear whether these allegations refer to costs that are actual or only hypothetical. Thus, these allegations are too vague for the Court to reasonably infer that Ms. Brown experienced a concrete financial loss as a direct result of Zeta's alleged conduct. The Court should dismiss the ADA and Rehabilitation Act claims with prejudice.[5]

Thank you for your consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

LEO DORFMAN

---

Education has passed. *See* 20 U.S.C. § 1415(f)(3)(C) (a parent must request an impartial hearing within 2 years from the date a parent knew about the alleged action that forms the basis of the complaint), 8 NYCRR § 275.16 (an appeal to the New York Commissioner of Education must be instituted within 30 days from the decision complained of).
[3] Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.
[4] Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.
[5] *Cf. O'Diah v. New York City*, No. 02 CIV. 274(DLC), 2002 WL 1941179, *12 (S.D.N.Y. Aug. 21, 2002) (stating that leave for a *pro se* litigant to replead certain claims was not appropriate where the litigant was made aware of the inadequacies in the complaint and had three prior opportunities to supplement his allegations).

SOKOLOFF STERN LLP

Honorable Dale E. Ho
November 5, 2024
Page 3 of 3

cc: Cynthia Brown (via certified and regular mail) [6]
     177 Willis Ave, Apt. 13K
     Bronx, NY 10454

---

[6] Plaintiff's street address is spelled differently in the dismissed Complaint and on the docket. Because the address on the docket does not appear to be a valid U.S. address, we mailed this letter to the following address (which is also listed at the end of the dismissed Complaint).