UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYNTHIA BROWN,

        Plaintiff,

v.

ZETA CHARTER SCHOOL,

        Defendant.

---

23 Civ. 5593 (DEH)

**MEMORANDUM OPINION & ORDER**

DALE E. HO, United States District Judge:

    Plaintiff Cynthia Brown filed this action against Defendant Zeta Charter School ("Zeta"), proceeding *pro se*.[1] Plaintiff alleged that Defendant, the operator of several charter schools, treated her daughter poorly and removed her from the school she was attending due to her mental disability.[2] Before the Court is Plaintiff's letter-motion seeking leave to amend her Complaint.[3] For the following reasons, Plaintiff's motion is **DENIED**.

## BACKGROUND

    The Court construed Plaintiff's initial Complaint as raising claims under the Individuals with Disabilities Education Act ("IDEA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act, seeking monetary damages.[4] On September 23, 2024, the Court granted Defendant's Motion to Dismiss the Complaint.[5] The Court explained that, in order to bring an

---

[1] *See* Compl., ECF No. 1.

[2] *See id.* at 5.

[3] *See* ECF No. 28.

[4] *See* Op. & Order, ECF No. 27 at 4-5.

[5] *See id.* at 1.

IDEA claim, a plaintiff must show that she exhausted her administrative remedies.[6] Plaintiff failed to do so.[7] Furthermore, Plaintiff sought emotional distress damages, which are not available under the ADA or the Rehabilitation Act.[8] The Court dismissed the Complaint without prejudice and offered Plaintiff the opportunity to file a letter-motion seeking leave to amend.[9] If Plaintiff chose to file the letter, the Court instructed her to "describe whether she ever filed an appeal about her daughter being removed from Zeta and, in general, who she spoke to about her daughter's removal."[10] Additionally, the Court allowed Plaintiff to describe any compensatory damages she seeks that may be recoverable under the ADA and the Rehabilitation Act, such as medical bills or other expenses related to her daughter's care.[11]

On October 22, 2024, Plaintiff filed a letter that the Court construes as a motion seeking leave to amend the Complaint.[12] Defendant filed a letter in response to Plaintiff's motion on November 5, 2024.[13]

---

[6] Op. & Order at 6-7; 20 U.S.C. § 1415; *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 530 (2d Cir. 2020).

[7] Op. & Order at 6.

[8] *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 230 (2022) ("[W]e hold that emotional distress damages are not recoverable under the Spending Clause antidiscrimination statutes we consider here [including the Rehabilitation Act]."); *A.S. v. Mamaroneck Union Free Sch. Dist.*, No. 21 Civ. 6937, 2024 WL 308211, at *6 n.6 (S.D.N.Y. Jan. 26, 2024) ("[C]ourts in this Circuit have held . . . that emotional distress damages are not available under the ADA or the Rehabilitation Act.").

[9] Op. & Order at 9.

[10] *Id.*

[11] *Id.*

[12] *See* ECF No. 28.

[13] *See* ECF No. 29.

**DISCUSSION**

The Federal Rules of Civil Procedure provide that "a party may amend its pleadings . . . [with] the court's leave," and the "court should freely give leave when justice so requires."[14] Motions for leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."[15]  Leave to amend may be denied if "amendment would be futile."[16]

Plaintiff's letter-motion does not provide information suggesting that she exhausted her administrative remedies, as required by the IDEA.[17]  Specifically, the letter does not indicate that Plaintiff filed an appeal after her daughter was removed from Zeta.  Although Plaintiff discusses her communications with the principal of Zeta, there is no indication that Plaintiff participated in a due process hearing before a local or state administrative official.  Therefore, the Court lacks subject matter jurisdiction over Plaintiff's IDEA claim,[18] and Plaintiff's motion for leave to amend is denied as to that claim because amendment would be futile.

Plaintiff also fails to adequately address compensatory damages or expenses.  She once again seeks damages for emotional harm, such as her daughter's depression, without explaining whether she incurred any out-of-pocket expenses such as medical treatment or therapy for her

---

[14] Fed. R. Civ. P. 15(a)(2).

[15] *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

[16] *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (citing *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006)).

[17] 20 U.S.C. §1415.

[18] *Ventura de Paulino*, 959 F.3d at 530 (holding that "unless an exception applies, the exhaustion of administrative remedies under the IDEA is a jurisdictional prerequisite of the statute and that a plaintiff's failure to exhaust . . . deprives a court of subject matter jurisdiction over any IDEA claims").

daughter.[19]  Although Plaintiff states that the damages can be used to pay medical bills, for treatment for her daughter to help her "get ahead," or to help "get where she needs to be with therapy,"[20] the Court agrees with Defendant that it is unclear whether these costs are "actual or only hypothetical."[21]  Plaintiff states that her daughter's depression has "taken a toll on her medical" and that her daughter has to do something four times a week, although it is unclear what.[22]  Plaintiff fails to identify concrete, out-of-pocket expenses that she has previously incurred or reasonably expects to incur in the future.  Plaintiff's motion for leave to amend is therefore denied as to the ADA and Rehabilitation Act claims because amendment would be futile.

## CONCLUSION

It is hereby **ORDERED** that Plaintiff's motion for leave to amend is **DENIED.**

The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: June 12, 2025
       New York, New York

                                                                         DALE E. HO
                                                                         United States District Judge

---

[19] ECF No. 28 at 3.

[20] *Id.* at 3-4.

[21] ECF No. 29 at 2.

[22] ECF No. 28 at 3.